11 L 51
12 L 253

---

·JOHN W. WILSON, Ex'r, v. T. H. BENTON, Collector.

1. TAX ASSESSMENT. *Tax collectors. Pleading and practice. Constitutional law.* The act of 1879, ch. 79, which empowers tax collectors to assess all property which has not been assessed, and to proceed to collect the taxes, expressly provides that the suit for these taxes shall be commenced by warrant before a justice; that the warrant may be for the State, county and municipal taxes jointly or separately, and confers upon the justice jurisdiction in all such cases, no ·matter what may be the amount. These details are all included in the subject of the caption, which is "An act for the more rigid collection of the revenue."

Wilson *v.* Benton.

2. SAME. *Pleadings and practice.* The statute does not require that the warrant should show or be accompanied with the authority under which the suit is brought for the respective taxes, and a motion to dismiss for want of such authority would not lie. The mode of raising the question would be by a rule on the tax collector to establish his authority, upon a *prima facie* showing of the want of authority by affidavit or otherwise.

3. SAME. *Assessment. How made by tax collector.* The assessment of the omitted property may be made by the tax collector in writing on a sheet of paper, specifying the property and its assessed value, dated and officially signed, accompanied by a statement of the amount of tax thereon due the State, county and municipality.

4. SAME. *Same. May be made. When.* The assessment may be made by the tax collector whose duty it was to collect the taxes for the given year, at any time during his official term.

---

#### FROM DYER.

---

Appeal in error from the Circuit Court of Dyer county. J. T. CARTHEL, J.

LATTA & MARSHALL for Wilson.

H. PARKS, JR., for Benton.

COOPER, J., delivered the opinion of the court.

This suit was brought by Benton, as tax collector, against Wilson as executor of Peter E. Wilson, deceased, to recover taxes on property of the said Peter E. Wilson which had not been assessed for the year 1878. On the first of April of that year, being the time appointed by law, the personal property of Peter E. Wilson, who was then living, was assessed at $14,500. In January, 1879, Peter E. Wilson died, and John W. Wilson qualified as executor of his estate. At the April term, 1879, of the county

court, John W. Wilson, as executor, filed an inventory of the personal estate of his testator, from which it appeared that Peter E. Wilson owned a large number of notes and judgments, and a large amount of currency not assessed for taxes in 1878. Benton was elected tax collector in August, 1878, and proceeded to assess the omitted property under the act of 1879, ch. 79. The executor did not dispute the assessment, or ask a revaluation of the property before the judge or chairman of the county court. The tax collector thereupon, October 29, 1879, commenced this suit before a justice of the peace, as required by the statute. The assessment and suit were for State, county and municipal taxes for the year 1878. The justice rendered a judgment in favor of the tax collector, and the executor appealed. In the circuit court the case was tried by the judge without a jury, and judgment was again rendered in favor of the tax collector. The executor appealed in error to this court.

The act of 1879 is entitled "An act for the more rigid collection of the revenue." It authorizes all collectors of taxes to assess all property which by mistake of law or facts has not been assessed, and to proceed to collect the taxes. The act allows the owner of the property, if he disputes the assessment, to have a revaluation before the judge or chairman of the county court at any time within one month, whose valuation is made final. If the owner disputes the right of the State, county or municipality to assess the property, the tax collector is required

to submit the facts to the Comptroller as to the State tax, to the judge or chairman of the county court as to the county tax, and to the mayor of the city or town as to the municipal taxes. If these officers, or any one of them, direct him to proceed, the tax collector is required to obtain from any justice of the peace of the county a warrant for said taxes, returnable before any justice of the county for trial. The statute expressly provides that the warrant may be for the State, county and municipal taxes jointly or separately, and confers upon the justice jurisdiction in all such cases, no matter what may be the amount.

The valuation of the tax collector of the omitted property seems not to have been disputed, and, at any rate, no re-assessment was had by the executor before the judge or chairman of the county court. It is doubtful, therefore, whether the executor could dispute the amount of the assessment upon the trial under the warrant. But if he could, there is evidence in the record sufficient to sustain the finding of the trial judge that the valuation of the omitted property by the tax collector was correct.

The defendant, before the trial, moved the court to dismiss the suit because brought without proper authority, especially as to the municipal corporation, and that the account filed does not disclose how much is due the State, the county and the municipality respectively. The statute does not require that the warrant should show or be accompanied with the authority under which the suit is brought. The

motion to dismiss for want of authority had nothing therefore to rest on. And the account filed does show the amount of taxes due the State, county and municipality respectively. The motion was properly overruled. And the only mode of questioning the authority of the tax collector to sue for the taxes of any of these parties would have been by a rule made upon him to show his authority, a *prima facie* case of want of authority being first made to appear by affidavit or otherwise.

The statute does not prescribe the mode in which the assessment of omitted property shall be made. In this case it was made by the tax collector in writing, specifying the gross amounts of the currency and notes and judgments belonging to the testator, as shown in the inventory of the executor, and in the division of the assets among the devisees, the tax collector himself being one of the commissioners who made the division. It then deducts the amount of the notes given after April 1, 1878, and adds the amount of certain specified notes not divided. A deduction is also made for the assessment actually made on April 1, 1878, and for the constitutional exemption of $1,000. The gross valuation of the omitted property is then given, with the amount of tax thereon due to the State, county and municipality. The writing is then dated and signed by the tax collector in his official capacity. This was sufficient.

The assessment having been made by the tax collector, whose duty it was to collect the taxes of

1878, during his official term, was good, the collector and his sureties being liable therefor:    *Otis* v. *Boyd*, 8 Lea, 679.

The act itself, as we have seen, is entitled "An act for the more rigid collection of the revenue." All of its provisions are directed to the end of securing the assessment and collection of property which has been omitted from the regular assessment. To this end, it prescribes the mode of procedure by which the assessment shall be secured and the collection made, increasing for this specific purpose the jurisdiction of justices of the peace. The details of the act are all included in the subject of the caption. The caption is general, but that is no objection to it, so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection. The Legislature must determine for itself how broad and comprehensive shall be the object of a statute, and how much particularity shall be employed in the title in defining it: Cooley Const. Lim., 176; *Woodson* v. *Murdock*, 22 Wall., 351; *State ex rel.* v. *Whitworth*, 8 Lea, 594.

There is no error in the judgment, and it will be affirmed.